\*\*Original filed 8/16/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIO V. VENTURA, | ) | No. C 05-1814 JF (PR) |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITH ORIGINAL COMPLAINT; DENYING MOTION TO ADD TO COMPLAINT WITHOUT PREJUDICE; DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE; GRANTING REQUEST FOR STATUS |
| vs. | ) | |
| KEVIN POUGH, et al., | ) | |
| Defendants. | ) | |
| | ) | (Docket Nos. 9, 10, 11, 15) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Menlo Park Police Officers Kevin Pough and Joseph Hinkston, the Menlo Park Police Chief, and the City of Menlo Park. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. On July 5, 2005, Plaintiff filed a motion to amend the complaint to include additional claims and documentation. On August 8, 2005, Plaintiff filed an amendment to the complaint to add further allegations, which was filed as an amended complaint. On October 19, 2005, the Court

Order Granting Plaintiff's Motion to Proceed with Original Complaint; Denying Motion to Add to Complaint Without Prejudice;
Denying Motion for Appointment of Counsel Without Prejudice; Granting Request for Status
P:\pro-se\sj.jf\cr.05\Ventura814misc                    1

1  granted Plaintiff's motion to amend the complaint. The Court directed Plaintiff to file a
2  second amended complaint within thirty days or to notify the court that he wished to
3  proceed with his original complaint, filed on May 2, 2005 and did not intend to include
4  the additional documents and allegations in his complaint.

5  On November 16, 2005, Plaintiff filed a motion to proceed with the original
6  complaint, a motion to add to the complaint to include additional allegations against the
7  City of Menlo Park and the Menlo Park Police Department and a motion for appointment
8  of counsel. The Court will GRANT Plaintiff's motion to proceed with the original
9  complaint (docket no. 9), DENY Plaintiff's motion to add to the complaint without
10 prejudice (docket no. 10) and DENY Plaintiff's motion for appointment of counsel
11 without prejudice (docket no. 11).

## DISCUSSION

A.  Motion to Proceed With Original Complaint and Motion to Add to the Complaint

In response to the Court's October 19, 2005 order, Plaintiff filed a motion to proceed with his original complaint, filed on May 2, 2005. Plaintiff also filed a motion to add to the complaint with further allegations against the City of Menlo Park and the Menlo Park Police Department.

As set forth in the Court's previous order, a plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. See Fed. R. Civ. P. 15(a). An amended complaint filed as a matter of course or after leave of court supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). These rules govern actions filed by pro se litigants as well as litigants represented by counsel. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (original complaint that was not incorporated into pro se litigants' unsolicited amended complaint

was properly ignored).

Because it was unclear to the Court whether Plaintiff intended to proceed with the one-page amended complaint, the Court dismissed the amended complaint with leave to amend to file a second amended complaint including all of Plaintiff's claims and documentation. The Court directed Plaintiff to file a second amended complaint to incorporate his original complaint and the additional claims and allegations in his later filings or to notify the Court that he wished to proceed with his original complaint. Plaintiff cannot proceed with the original complaint and also file a motion to add to his complaint unless he files a second amended complaint to incorporate all of his claims and supporting documentation. Accordingly, Plaintiff's motion to proceed with the original complaint (docket no. 9) is GRANTED. Plaintiff's motion to add to the complaint (docket no. 10) is DENIED without prejudice. If Plaintiff wishes to add claims or Defendants beyond his original complaint, he shall file a second amended complaint **within thirty days** of the date of this order. If Plaintiff does not file a second amended complaint as of this deadline, the Court will review the original complaint filed on May 2, 2005.

B.  <u>Motion for Appointment of Counsel and Request for Status</u>

Plaintiff filed a motion for appointment of counsel. Plaintiff maintains that appointment of counsel is necessary because he is incarcerated at Corcoran State Prison and has limited access to the law library due to program requirements, shared prison yard access to the library, prison lockdowns, and staff training. <u>See</u> Pl.'s Mot. at 1.

However, there is no constitutional right to counsel in a civil case. <u>Lassiter v. Dep't of Social Services</u>, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 310 (1989).

The court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  See id.  Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex.  Rand, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel).  Plaintiff's claims appear to be relatively straightforward and the Court has yet to review the complaint and if appropriate, order service on the Defendants.  Accordingly, the Court concludes that appointment of counsel is not necessary at this time.  Plaintiff's motion for appointment of counsel (docket no. 11) is DENIED without prejudice.  Plaintiff's request for status (docket no. 15) is GRANTED.  The Clerk shall send a copy of the docket sheet to Plaintiff.

**CONCLUSION**

1. Plaintiff's motion to proceed with the original complaint (docket no. 9) is GRANTED.

2. Plaintiff's motion to add to the complaint (docket no. 10) is DENIED without prejudice.  If Plaintiff wishes to add to his original complaint, he shall file a second amended complaint **within thirty days** of the date of this order.  If Plaintiff does not file a second amended complaint as of this deadline, the Court will review the original complaint filed on May 2, 2005.  The second amended complaint must include the caption and civil case number used in this order (05-1814 JF (PR)) and the words

Order Granting Plaintiff's Motion to Proceed with Original Complaint; Denying Motion to Add to Complaint Without Prejudice;
Denying Motion for Appointment of Counsel Without Prejudice; Granting Request for Status
P:\pro-se\sj.jf\cr.05\Ventura814misc            4

1  "SECOND AMENDED COMPLAINT" on the first page.  Because an amended
2  complaint completely replaces the original complaint, Plaintiff must include in it all the
3  claims he wishes to present.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert.
4  denied, 113 S. Ct. 321 (1992).  Any claims and Defendants not included in the second
5  amended complaint will not be considered by the Court.  See King v. Atiyeh, 814 F.2d
6  565, 567 (9th Cir. 1987).  Plaintiff may not incorporate material from the original
7  complaint, such as supporting documentation or exhibits, by reference.  **Plaintiff must**
8  **include all his claims and any documentation and supporting information in the**
9  **second amended complaint.  Failure to amend within the designated time will result**
10 **in the Court proceeding with the original complaint filed on May 2, 2005.**

11         3.      Plaintiff's motion for appointment of counsel (docket no. 11) is DENIED
12 without prejudice.

13         4.      Plaintiff's request for status (docket no. 15) is GRANTED.  The Clerk shall
14 send a copy of the docket sheet to Plaintiff.

15         5.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep
16 the Court informed of any change of address by filing a separate paper with the clerk
17 headed "Notice of Change of Address."  He must comply with the Court's orders in a
18 timely fashion or ask for an extension of time to do so.  Failure to comply may result in
19 the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

20         IT IS SO ORDERED.
21 DATED:  8/16/06
                                            JEREMY FOGEL
22                                          United States District Judge

Order Granting Plaintiff's Motion to Proceed with Original Complaint; Denying Motion to Add to Complaint Without Prejudice;
Denying Motion for Appointment of Counsel Without Prejudice; Granting Request for Status
P:\pro-se\sj.jf\cr.05\Ventura814misc                5

1  A copy of this ruling was mailed to the following:

2

3  Mario V. Ventura
   J-11388
   05-1810CSATF/ C-8 210
4  P.O. Box 5248
   Corcoran, CA  93212

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Plaintiff's Motion to Proceed with Original Complaint; Denying Motion to Add to Complaint Without Prejudice;
Denying Motion for Appointment of Counsel Without Prejudice; Granting Request for Status
P:\pro-se\sj.jf\cr.05\Ventura814misc                6